SOLOMON WESTCOT,

v.

WILLIAM WOODWORTH and others.

Where in consequence of the decision of this court, upon an appeal from a circuit court, farther proceedings become necessary, the cause will be remanded, whether the appeal is from an interlocutory or a final decree.

1825.
4th April.

Appeals from
circuit courts.

APPEAL from the circuit court of the third circuit.

The bill in the circuit court, was to foreclose a mortgage. It alleged, that a bond and mortgage had been given to Luke Power, to secure a debt; that the debt had not been paid; that the mortgage had been assigned to the complainant, Westcot: and the bill prayed a foreclosure and a sale in the usual form. The answer alleged, that the bond and mortgage had been given upon a usurious consideration; and relied upon the usury, as a defence.

The cause being at issue, was heard in the circuit court: and to prove the usury alleged in the answer, certain declarations of Luke Power, were given in evidence. These declarations sufficiently showed the usury; and no other evidence of usury, was given. The principal question both in the circuit court and this court, was, whether the declarations of Luke Power, were legal evidence, or not. The circuit court was of opinion that these declarations were

admissible ; received them ; and dismissed the suit.  This 1825.
court held these declarations inadmissible ; rejected them ;
and reversed the decree of the circuit court.

WESTCOT
v.
WOODWORTH.

In this state of the cause, it became a question, whether
the farther proceedings which must take place, should be had
in this court, or in the circuit court.

The fifteenth section of the act of the seventeenth day of
April 1823, provides, that there may be an appeal from any
final decree of a circuit court.  It next, provides, that there
may be an appeal from any interlocutory decree ; that the
chancellor shall hear and decide such appeal ; and that if
by his decision, farther proceedings shall be necessary, the
cause shall be remanded to the circuit court, for such farther
proceedings.  The same section also directs, in respect to
all appeals, that the chancellor shall proceed on them ; shall
pronounce judgment thereon ; and shall enforce his decrees,
in like manner, as if the suits had been commenced in the
court of chancery.

As the chancellor is thus directed to hear and determine all
appeals, and as the provision that where farther proceedings
become necessary, the cause shall be remanded, immediate-
ly follows the regulations concerning appeals from interlocu-
tory decrees ; the first impression respecting these provisions,
was, that where the appeal is from a final decree, the farther
proceedings which may be necessary, must take place in this
court.  This question being new and doubtful, it was discus-
sed by counsel.

MR. ROOSEVELT for the appellant.  Though it is a gen-
eral rule of construction, that a relative is referred to its im-
mediate antecedent, yet the sense of these provisions requires,
that the terms, such appeal, should be applied, as well to an
appeal from a final decree mentioned in the first clause of this
section, as to an appeal from an interlocutory decree men-
tioned in the second clause.  The first branch of this section
is divided into two clauses, merely to introduce the restric-
tion, that a certificate shall be necessary, where the appeal
is from an interlocutory order.  That purpose being accom-
plished, the two clauses again coalesce and run together, in-
to the third ; and thus, the terms, such appeal, relate as well

to the first as to the second clause. The counsel proceeded to analyze the statute; and he pointed out various instances of incongruity and inconvenience, which would result from the construction, that every cause coming here from a circuit court, by appeal from a final decree, is of course, to be retained in this court.

MR. BUEL for the respondents, expressed his concurrence in the views advanced by Mr. Roosevelt.

THE COURT. The provision that the cause shall be remanded, is immediately connected with the provisions of this section concerning appeals from interlocutory decrees ; and by a construction strictly grammatical and verbal, the cause is to be remanded, only where the appeal is from an interlocutory decree. But this construction is at variance with a more enlarged view of the provisions of this section and the objects of the statute. The intention of the legislature evidently was, that these local courts should act at places near the residences of parties and witnesses ; that these courts should hear and determine in the first instance, every portion of the causes assigned to their jurisdiction ; and that this original jurisdiction should be subject to the appellate jurisdiction of this court. The appellate jurisdiction prescribed by the constitution and intended by this statute, is a power to revise and correct decisions previously made by the subordinate courts.

Where the appeal is from a final decree, an affirmance or reversal is generally, the termination of the cause ; but where an interlocutory decree is the subject of appeal, some farther proceeding is almost always, necessary. Hence probably, the provision requiring the cause to be remanded, was placed in juxtaposition with regulations concerning appeals from interlocutory decrees. But though farther proceedings are much more frequently requisite, in one class of these cases, than in the other, yet very important proceedings may often be necessary, after a decision of this court, upon an appeal from a final decree. A suit may be dismissed by a circuit court, upon a plea or demurrer, or a final decree may be reversed, for some error occurring in an early stage of the

cause : and in any such case, the new proceedings may be the most important steps in the cause. It seems to have been the intention of the legislature, that all such proceedings should take place, in the court of original jurisdiction. There, suitors may enjoy the full benefits of local tribunals : and by this division of the two jurisdictions original and appellate, each judicature acts with full effect, within the proper sphere of its own authority.

In the case now before the court, the contested question has been, whether certain evidence was competent or not; and the different decisions of this question, have in effect, determined the cause in each of the two courts. If the appeal had been from the decision of the circuit court, admitting the evidence, the cause must clearly, have been remanded. The final decree of the circuit court being reversed, this cause is now open to new proofs, and must be heard, upon testimony yet to be given. If the cause should be remanded, it will be heard and decided by the local court in which it was commenced, upon testimony there taken. Should the cause proceed in this court, testimony must be taken here ; and this court would hear and determine a portion of the cause, which has not been decided or heard by the circuit court.

All difficulty is removed, and the apparent intention of the legislature is satisfied, when this provision concerning farther proceedings, is considered as relating not only to interlocutory decrees, but to all the decrees antecedently mentioned : and this is the reasonable and just construction of the statute. The regulation that when farther proceedings are necessary, the cause shall be remanded, is then, a general provision, not confined to appeals from interlocutory decrees, but extending also, to appeals from final decrees.

It is not meant to decide, that every farther proceeding however minute, must take place in the circuit court. Many farther proceedings, such as computations, the taking of accounts, inquiries into incidental facts, and the taxation of costs, do not involve the merits of the cause, and may be fitly disposed of in this court, after a decree. The sense of the statute is, that all farther proceedings involving or affecting the merits of the cause, shall take place in the court in which the suit was commenced.

1825.

WESTCOT
v.
WOODWORTH.

1825.

WESTCOT
v.
WOODWORTH.

The following decree was entered.

This cause having been heard on the thirtieth day of March last, upon an appeal from a decree of the circuit court of the third circuit, made on the ninth day of August last; and having been argued by Mr. TALLMADGE of counsel for the appellant, and Mr. JORDAN of counsel for the respondent William Woodworth; and the same having been duly considered; it is adjudged and decreed, that the said decree of the circuit court, be and the same is hereby reversed; this court being of opinion, that the declarations of Luke Power, as proved and received in evidence, before the circuit court, were not legal evidence; and this cause is remanded to the circuit court, for farther proceedings.